## THE HURRICANE.

(Circuit Court of Appeals, Third Circuit. December 7, 1925.)

### No. 3329.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Libels by the Philadelphia Ship Repair Company and others against the dredge Hurricane, whereof the Moore & McCormack Company, Inc., is claimant. Decrees for libelants (2 F.[2d] 70), and claimant appeals. Affirmed on opinion below.

Wood, Molloy & France, of New York City, and Willard M. Harris, of Philadelphia, Pa., for appellant.

Howard M. Long and Joseph W. Henderson, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

BUFFINGTON, Circuit Judge. In the court below the dredge Hurricane was attached and sold under admiralty process, and the fund arising was, by final decree, awarded lienors for repairs, wages, and supplies. Thereupon the owners of the dredge took this appeal, wherein they, as stated by them, raise two questions, viz.: "Whether jurisdiction can be asserted to enforce contracts relating to the dredge, where the nature of the services performed by the dredge have not been shown to be maritime in their nature, or the services rendered and supplies furnished had no immediate relation to commerce by water or to navigation;" and, second, "whether the supply men exhausted all the sources of information reasonably open to them to find out whether the canal company," which was in possession of the dredge under an unrecorded bill of sale, "has authority to create liens against the dredge."

The proofs were voluminous, and the court below filed a comprehensive opinion, in which the evidence was discussed, the legal questions involved examined, and the grounds of its conclusions fully stated. On appeal to this court, the case was fully discussed by counsel, and considered de novo by the court, with the result that we agree with the conclusions reached by the court below. Its discussion of the law and facts is so full and satisfactory that an additional opinion by this court could only be an effort to put in different language what has already been said in the opinion of Judge Thompson.

Adopting, therefore, his opinion, in 2 F.(2d) 70, as embodying our views, we affirm the decree below on it.